```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

PERRY L. DUNNAM,                    §
                                    §
VS.                                 §   CIVIL ACTION NO.4:08-CV-097-Y
                                    §
                                    §
M.E. HENDRIX, et al.                §
```

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
      1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Perry L. Dunnam's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Dunnam's claims are set forth on a civil rights complaint from, along with as attachments thereto a "Statement of Facts and Claim," and an "Addendum Facts and Evidence." Dunnam has named as defendants in this action Tarrant County jail officials, Lieutenant M.E. Hendrix, Sergeant Tatum, and Officer Taylor.(Compl. Style; § IV(B).) He seeks compensatory and punitive monetary damages against each defendant.(Compl. § VI; Statement of Facts("SOF") at 5.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint and attachments under these standards, the Court concludes that Plaintiff's claims against Hendrix and Tatum must be dismissed.[6]

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]The Court will allow service of Plaintiff's claims against Taylor, by separate order issued this same day.

him of such right while acting under color of law.[7] Dunnam's allegations against Hendrix are that she retaliated against him by directing officers to come to his cell in July 2006 to inventory his property, even though Dunnam alleges jail officials had previously confiscated his property. (SOF at 5; Addendum at 1.) In order to state a valid claim under § 1983 on the basis of retaliation, a prisoner must allege (1) a specific constitutional right,(2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.[8] With regard to the first element, the inmate must point to a specific constitutional right that has been violated, or the claim will fail.[9]

Dunnam has not recited the constitutional basis for his underlying claim, but as he asserts that Hendrix "had total control over my property and it was lost while in their possession" it appears that he is complaining of a loss of property without due

---

[7]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[8]*See Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *see also Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999).

[9]*Greninger*, 188 F.3d at 325, *citing Tighe v. Wall,* 100 F.3d 41, 43 (5th Cir. 1996) (inmate's claims dismissed for failure to demonstrate violation of a constitutional right) and *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995)("to state a claim, an inmate must allege the violation of a specific constitutional right").

3

process of law.[10] (SOF at 5.) The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[11] Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[12] Thus, in challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[13] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[14] Because Texas provides an adequate post-deprivation remedy, Dunnam's claim concerning the taking of his personal property does not rise to a

---

[10] Any claim that the loss of property was the result of negligence only does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Id.*

[11] U.S. CONST. amend. XIV § 1.

[12] *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[13] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[14] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

4

violation of the Due Process Clause.[15] As Dunnam has not stated any claim of a violation of a constitutional right, he has also not stated a claim for retaliation against Hendrix. Thus, Dunnam's claims against Hendrix should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2) (B)(i) and(ii).[16]

Dunnam alleges that after he sustained a wrist injury, a brace was prescribed by a physician while he was at John Peter Smith hospital. With regard to Tatum, Dunnam alleges that he would not allow a physician's assistant to apply the brace because it contained metal. Dunnam was provided an ace bandage instead, and he acknowledges that he attempted to hide that device from jail officials, including Tatum, when he was transported back to the Tarrant County jail: "I placed the ace bandage in my shirt hoping they would forget and not harass me about this since I just received this from a [doctor] at the hospital." (SOF at 1-2.) Tatum reported this action to other jail officials, and Dunnam was later disciplined for failing to turn over the ace bandage. (SOF at 2.)

Although Dunnam again has failed to state the constitutional right he alleges was violated, the Court has construed this claim against Tatum as a claim for violation of rights under the Eighth Amendment. In order to maintain an action for deprivation of the

---

[15] *See Hudson,* 468 U.S. at 536 (Noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

[16] Such dismissal is, of course, without prejudice to Perry Dunnam's right to assert any state law tort claims arising out of the same facts in state court.

constitutional right to be free of cruel and unusual punishment, a plaintiff must allege facts that indicate prison officials were deliberately indifferent to prisoners' safety.[17] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the part of the defendants."[18] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[19]

Mere negligence with regard to plaintiff's injuries will not give rise to a constitutional violation.[20]

Plaintiff's allegations against Officer Tatum do not include facts that show Tatum disregarded an excessive risk of harm to Dunnam. Rather, Dunnam acknowledges that Tatum voiced a security reason for denying to him application of a wrist brace. Furthermore, Tatum's action in reporting Dunnam's hiding of the ace bandage was certainly reasonable. Therefore, Dunnam's claims

---

[17]*See Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(Eighth Amendment requires subjective deliberate indifference, the official must know of and disregard an excessive risk to inmate health or safety); *see also Whitley v. Albers,* 475 U.S. 312, 332 (1986)(Eighth Amendment requires allegation of unnecessary and wanton infliction of pain).

[18]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[19]*Farmer,* 511 U.S. at 837; *see also Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[20]*Daniels,* 474 U.S. at 332.

6

against Tatum must be dismissed under 28 U.S.C. § 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

Therefore, all of plaintiff Perry Dunnam's claims against Lieutenant M.E. Hendrix and Sergeant Tatum are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED June 12, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE